IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FACUNDO ESCOBAR     *
    *
    *
v.     *     Civil No. – JFM-16-1945
    *
NIKE, INC.     *
    ******

## MEMORANDUM

Plaintiff, a resident of Argentina, who is not a United States citizen, has instituted this action against Nike, Inc. Plaintiff asserts that because of a defect in basketball shoes – that were purchased in Maryland on his behalf – he fell and tore his anterior cruciate ligament during a professional basketball game played in Buenos Aires Argentina. Defendant has filed a motion to dismiss on the ground of forum non conveniens. The motion will be granted.

This court must first determine whether an alternative forum - here the courts of Argentina – are available and adequate. *Jiali Tang v. Synutra Intern., Inc.* 656 F.3d 242 (4th Cir. 2011). Here, an alternative forum is clearly both available and adequate. Defendant is subject to jurisdiction in Buenos Aires and, indeed, defendant has agreed to accept the jurisdiction of the appropriate court in Argentina. Likewise, this action is not barred by limitations in Argentina, and a remedy is available in accordance with Argentina's Civil Code.

There remains to be considered "the public and private interest factors." The private interests to be considered include the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, the possibility of viewing the premises, and all other practical problems that make a trial of a case easy, efficient, and economical. *See Gulf Oil Corp. v. Gilbert*, 330 U.S.

501, 508 (1947). Here, the easiest access to sources of proof lies in Argentina since the majority of the witnesses to the injury lie in Argentina, not Maryland. These witnesses reside outside of the jurisdiction of the United States courts. It may be that a viewing of the gymnasium where the accident occurred will be necessary because defendant may take the position that the accident was caused by a flooring problem at the gymnasium rather than by the shoes that plaintiff was wearing. Additionally, any documents that are relevant to the incident would have to be translated from Spanish to English if the case was tried in Maryland.

The public interest factors include the administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home, the interest in having the trial in a forum whose law governs the action, the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law, and the unfairness of burdening citizens in an unrelated forum with jury duty. *See Gulf Oil Corp.*, 330 U.S. at 509. These factors too support dismissal of this action. Although it may take longer for this case to be litigated in Argentina than in Maryland, there is an overwhelming interest in having localized controversies decided in Buenos Aires. Further, it appears that Argentinian law applies to this action. Finally, Maryland has at best a remote interest in this action and it would be unfair to burden Maryland citizens with jury duty to decide the merits of the dispute.

A separate order granting defendant's motion is being entered herewith.

Date: _____     _____
                          J. Frederick Motz
                          United States District Judge